NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018
Decided December 12, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3502

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*,<br><br>  *v.*<br><br>YOUSIF Y. PIRA,<br>  *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 15 CR 50011-3<br><br>Frederick J. Kapala,<br>*Judge*. |

**O R D E R**

Yousif Pira, a reseller of industrial products, was convicted by a jury of conspiring to manufacture and distribute at least 1,000 marijuana plants. *See* 21 U.S.C. §§ 841(a)(1), 846. Pira appeals the verdict, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Pira has responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects he covers as well as the additional issues that Pira, disagreeing with counsel, believes have merit.
*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Pira could challenge the district court's denial of his pretrial motion to suppress incriminating statements that he made in interviews with law enforcement, allegedly under promises of leniency and without Miranda warnings. Specifically, Pira sought to exclude two signed statements in which he admitted to occupying the first two floors of a four-story warehouse and to knowing that the building's owner was growing 1,000 marijuana plants on the fourth floor. He further admitted to ordering supplies for the marijuana grow operation, including grow lights, insulation, and water pumps. But counsel correctly concludes that Pira waived any such challenge when he failed to object to a magistrate judge's findings (based on an evidentiary hearing) that the officers made no promises of leniency and that he was not in custody during the interviews. *See* FED. R. CRIM. P. 59(b)(2); *United States v. Charles*, 476 F.3d 492, 495–96 (7th Cir. 2007).

Next, counsel considers whether Pira could challenge another procedural ruling—the district judge's ruling on the first day of trial to deny his third motion for a continuance so that he could obtain witnesses to testify about his character and his business arrangement to supply another, above-board greenhouse with grow lights. The judge denied this motion because he had already given Pira two continuances to procure witnesses but Pira had tarried in issuing the subpoenas. We agree with counsel that this challenge would be frivolous under the abuse of discretion standard that applies to our review of the district court's denial of a motion for continuance. *See United States v. Isaacs*, 593 F.3d 517, 524–25 (7th Cir. 2010). The judge allowed Pira to substitute a witness to testify about the business arrangement, so there was no prejudice, and the inconvenience resulting from any delay in the trial weighed against granting the motion.

Counsel also considers whether Pira could challenge the sufficiency of the evidence supporting the jury's verdict. But counsel properly concludes that the evidence, viewed in the light most favorable to the government, would enable a rational jury to find each element of the charged offense. *See United States v. Cooper*, 767 F.3d 721, 727 (7th Cir. 2014). With regard to his knowledge of the conspiracy, for instance, the government presented testimony from Pira and a co-conspirator that Pira knew of the grow operation. As to his agreement and participation, Pira's own statements and credit card records showed that he purchased and was reimbursed for grow lights and other hardware used to grow the marijuana plants.

Finally, counsel appropriately concludes that any claim of ineffective assistance of counsel (based on counsel's failure to preserve issues for appeal and timely obtain

witnesses) is best raised in a collateral proceeding so that Pira may develop a more thorough evidentiary record. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Delatorre v. United States*, 847 F.3d 837, 844–45 (7th Cir. 2017).

For his part, Pira urges in his Rule 51(b) response that law enforcement officers violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing an exculpatory statement—"I am not part of the wrongdoing; I just know about it"—that he gave in an interview. But the government cannot "suppress" Pira's own statements, *see United States v. Are*, 590 F.3d 499, 510 (7th Cir. 2009); for that matter, Pira made a similar comment at trial.

Pira also challenges the district judge's application of a two-level guidelines enhancement for obstruction of justice based on findings that Pira perjured himself. *See* U.S.S.G. § 3C1.1. But this challenge would be frivolous: the judge reasonably discredited Pira's denial of his involvement in the conspiracy in light of his earlier statements that he purchased marijuana grow lights for the use in the conspiracy and another witness's testimony that Pira was involved. *See United States v. Frazier*, 213 F.3d 409, 416–17 (7th Cir. 2000) (upholding obstruction of justice enhancement where judge evaluated testimony of defendant against testimony of interviewing agents and determined that defendant had lied under oath).

Pira next argues that the judge wrongly struck his motion for a new trial without first holding a hearing. To the extent that he is referring to his second motion for a new trial—premised on claims that counsel was ineffective and that the evidence was insufficient to support the verdict—we would conclude that a decision not to hold a hearing was within the judge's discretion, *see United States v. Simpson*, 864 F.3d 830, 834 (7th Cir. 2017), because Pira did not explain his basis for requesting one and the judge stated that he found "no pertinent facts in dispute."

Finally, Pira argues that the district judge wrongfully used an "unlicensed" Arabic interpreter to translate a co-conspirator's witness testimony. But this argument would be frivolous because the district judge verified on the record that the interpreter was certified by the federal court and had 20 years of experience, and the witness confirmed that he understood the interpreter "very well."

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.